The next case on the call today on the docket is Agenda No. 6, No. 130988, People of the State of Illinois v. Sidney Butler. Counselor for Pellitt, are you prepared to proceed? Good morning, Your Honors. My name is Maria Harrigan, and I represent Mr. Butler in this case. In this case, the State tried Mr. Butler by way of hearsay exception. At his trial, the State introduced no testimony, no medical evidence, and there were no admissions to the offense as charged. The only inculpatory evidence here came in through an out-of-court statement given by the complainant in a CAC interview pursuant to Section 115-10 of the Illinois Statutes. The admission of the statement was in violation of the Confrontation Clause and did not meet the criteria set forth in 115-10. Therefore, this Court should reverse this conviction. Under the Confrontation Clause, testimonial out-of-court statements are only admissible if the declarant is in court and can defend or explain the statements. Here, although KP did take the stand, she could not defend or explain her prior statement because she did not acknowledge making it. What defend or explain? Where are you getting that from? From language in Crawford v. Washington. Okay. And this, so the interview itself, the child was nine years old? She was nine at the time of the interview, yes. And how old was she at the time of the trial? Thirteen. Okay. When she first took the stand at trial, she was completely nonverbal. When she was recalled, she again was nodding her head and not giving verbal responses. Eventually, she answered preliminary questions, her name, her age, where she went to school, the members of her family. However, she did not, when asked if Sidney did anything to her, she said she did not remember. She did not acknowledge accusing him when she was interviewed by the CAC interviewer. In other words, she did not make any accusations from the stand where she could defend or explain her statement. The state argues that her presence on the stand was sufficient to satisfy the confrontation clause. However, the cases the state cites to support its argument are distinguishable or were decided prior to Crawford v. Washington. Counsel, was this young woman subject to cross-examination? She was on the stand, yes, she was on the stand, and defense counsel did cross-examine her. But her testimony on the stand was similar to what happened in Brandon P., where she was unable to answer any questions about the offense or her prior statements. So under cross-examination, did she answer the questions that were asked? She was, defense counsel, yes, but she was unable to answer any questions about the statement or the accusations because she had no memory of either. So are you saying that defense counsel asked about those things and she couldn't answer, or defense counsel did not ask about those things and she didn't answer on direct regarding that? She did not answer on direct, and therefore, counsel had nothing to question her on because she was unable to answer on direct. It is not defense counsel's job to refresh the memory of the state's witness. She did not remember anything about the incident or the interview. But that's a strategic decision, isn't it? And defense counsel could have probed more. It would have been, there would be nothing for him to explore, however, because she didn't remember anything. And any further probing to get her to remember something is not a viable defense strategy. So there, but she was not available to defend or explain that prior statement. This case is different than, it's not a reliability standard, which is Ohio v. Roberts. And this case is different than memory loss cases at the state sites like Owens where you have the complainant remembering and being able to defend or explain his prior statement, explain why he couldn't remember the incident because he was subject to physical trauma. So he could be cross-examined on the statement. Here she could not. So this, in Smith v. Arizona. Did anyone ask her why she didn't remember? Was that after you said, you know, it's different because, you know, there was no testimony that she didn't remember, you know, in the case that you said that there was no memory because they had been subjected to physical trauma. Was there any questioning of her why she didn't remember or what happened? Do you no longer recall? I do not believe so, but she just said it. She said, no, I don't remember, when asked about what happened to her. Although she was able to identify Sidney as her brother and she did not acknowledge the interview. She did acknowledge her presence when she was pointed on the video, but she did not acknowledge anything she said in that interview. So that's why those cases are distinguishable. Smith v. Arizona reiterated Crawford's holding, which was designed to, which overruled Roberts and which was designed to cease the practice of using hearsay exceptions to avoid the confrontation clause. And, again, this case is very much like Brandon P., in the sense that witness was present on the stand but could not answer any questions. Therefore, he was unavailable. The same in Rolandus G., a little older defendant, I mean, sorry, the complainant in that case was older than the complainant in Brandon P. But in this case, now, the minor did answer some questions. So did the witnesses in those cases. They answered preliminary questions. They answered questions about who they were. They knew who the defendant was. But they did not answer any questions about, they were unable to answer any questions about the offense or the statement in those cases. It's inadmissible under the confrontation clause because, as reiterated in, as Smith reiterated the holding in Crawford, that was intended to, the Crawford had an emphatic rejection of the practice that would allow for easy evasion of the confrontation clause, which is what was happening under the Ohio v. Roberts standard. So it's not admissible under the confrontation clause. It also doesn't meet the statutory criteria. Okay, and why, let's focus on the confrontation clause. Why do you think that this is inadmissible under the confrontation clause as applied to the facts of this case and what happened here in the fact that she was on the stand and she was subject to direct and forced examination and she remembered her breath? Tell me why in the context of this case you think that under the confrontation clause this is inadmissible. Again, because she was unable to answer any questions about either the offense or the prior statement. So she couldn't be cross-examined on those things. And this is, again, similar to Brandon P., where the witness was on the stand, and in Rolandos G., the witness was on the stand and could not answer any questions. And in Brandon P., the defense counsel opted not to cross-examine at all. And that was the defense counsel's choice because of the testimony. But the similarity is that the witnesses in all these cases could not say anything about the offense or their prior statements. In KP, did the witness answer the questions that were posed on cross-examination? She answered questions that had nothing ñ yes, she answered the questions posed on cross-examination, but those questions had nothing ñ were not pertinent to the offense. It would be as if the ñ I'm talking about in KP, not this case. Oh, in Brandon P., you mean? Yes, I'm sorry, KP is our victim, yes. Okay. In Brandon P., the witness wasn't ñ the defense counsel didn't cross-examine the witness. Right, so there was no cross-examination. The defense counsel should not have asked any questions regarding the actual offense because that was not a good strategy. That was not a good strategy, and it was also none of ñ the state didn't bring any evidence of that out. So are you saying that defense counsel would have been precluded from asking about those things? I'm saying it would ñ I'm saying both things. I'm saying not necessarily precluded, but I'm saying there would be no advantageous reason for defense ñ not defense counsel's job. to elicit inculpatory evidence and then cross-examine the witness on it. That's the state's attorney's job, and that didn't happen here. If you look to the statute here also, this court in People v. Kitch defined testimony as whether the state, through the victim's direct testimony, proved the offenses. That's in order to get one of these prior statements in. There's a special section 115-10, which is what the state asked for this prior statement to be allowed in under. If the witness has to testify or if the witness is unavailable, there has to be corroborating evidence. In Kitch, the witnesses did testify to instances that did corroborate the evidence. In this case, the witness did not do that. So therefore, the witness did not testify, was unavailable. The premise when we started this case, when it went to the pretrial hearing to test if this statement could come in, was that this witness was going to testify. The state represented that she would testify to the elements of the offense. Counsel, I want to get back to that confrontation clause thing. Isn't that, well, you tell me. If the witness is on the stand and available to be examined and cross-examined, doesn't that satisfy the confrontation clause requirement that you're talking about? It is under Crawford and now Smith. Availability is not just mere physical presence, which is what Smith said. It's the importance of having to test the reliability of that prior statement. That was a prior statement that she was never subject to cross-examination on at the time it was given. It sounds like you're suggesting that because this witness did not repeat the statements that she had made in the victim-sensitive interview, that because she didn't do that when she was on the witness stand, the confrontation clause requirement was somehow violated. Is that the standard? That's not what I'm saying, Your Honor. I'm not saying that she would have to say everything verbatim. She didn't acknowledge making the statement. It's as if she never made it. That's different from some of these memory loss cases where there's an acknowledgement that the statement was made, yes, I said that then. She didn't say anything like that. That's the difference here. And this was the only piece of evidence that the state had. And Smith v. Arizona talks about the importance of being able to test the prior statement, especially when it propped up the state's case. This did more than prop up the state's case here. This was the state's case. So that's why in this case this came in in violation of the confrontation clause. But now Smith v. Arizona, didn't you have someone testifying and they were quoting another expert report so it wasn't even the same? This was a hearsay statement coming in from a different party, isn't that right? And that's different from what we have here. That was a situation in that case, yes, but the language stresses the importance of the confrontation clause and bringing in out-of-court statements and what a bedrock constitutional right this is for defendants. And that's what I'm relying on in Smith. In Smith, their focus is on the truth-testing purpose of cross-examination to test reliability. And here there was the opportunity, although not taken, correct? There wasn't the opportunity where it would have been an untenable defense strategy to require defense counsel to elicit inculpatory testimony and then cross-examine the witness on it. That's not what the defense counsel's job is. If that had happened, there would be an ineffective assistance of counsel claim in this case. That's not what happened here. So that's really kind of a catch-22 because you're saying the defense used strategy that was helpful to his case, but as a result of using that strategy, he should have been able to preclude the admission of this evidence. And, you know, that seems like a catch-22 strategy that you're offering. Well, if your honors look to Brannon P., it's a similar situation. That witness got up and testified. The only difference there, but not about the incident or the statement, the only difference there is defense counsel in that case chose not to cross-examine that witness. But the situation is the same in this case. There was unavailability. But in Brannon P., defense counsel chose not to ask any questions, right? Correct. But that should not make a difference. In your case, defense counsel did ask some questions, right? He did. But the questions were not, could not test the reliability of that prior statement. And that's a choice counsel made. Correct. But the fact that her availability is what we're focusing on here, and that's the same as Brannon P. and Rolandus G., those witnesses were on the stand, did testify, but were not available. So a trial strategy, I think, is certainly an important piece here. But perhaps what you're suggesting is the better trial strategy for counsel would be to follow Brannon P. and not ask any questions. And then the statement wouldn't come in. Is that right? I'm not sure if that, no. Your Honor, that's not what I'm saying. I'm focusing on the fact that she didn't testify about anything that happened or her statement. And she was not available to have the reliability of those things tested. That is our argument. And that fits right in with Brannon P. and Rolandus G., where those witnesses testified. I believe in Rolandus G. there was cross-examination, if I'm remembering correctly. But those witnesses testified they were unavailable because they did not testify about the events or acknowledge the prior statement. Your argument is the declarant has to be present at trial to defend and explain the statement she previously made. Correct. That is our argument. Because, again, the statute is we're not saying the statute is not compliant with the Constitution, but it should not have come in under the statute either. Again, the premise of this was that the state and all parties were under the impression that she was going to testify to the events, and therefore that statement could come in. That changed during trial. That did not happen during trial. And every objection and every argument in the post-trial motion was geared toward the fact that this changed during trial. This is a fully, fully preserved issue. And, again, under the statute, under the definition of testimony and kitsch, she was unavailable, and because there was no other corroborating evidence of this offense, it should not have come in under 115-10. If your honors have no further questions, we request that you reverse Mr. Butler's conviction and a T.C. Fitt remand for a new trial. Thank you. Good morning. May it please the Court, Counsel, Assistant Attorney General Erin O'Connell, on behalf of the people. I'm going to take the two issues in this case in the same order, addressing the Confrontation Clause issue and then the statutory issue. The two are distinct, because the Confrontation Clause essentially sets a floor, but we do concede that there is a slightly greater showing required under this statute, under this Court's holding in People v. Bowen, that does require that the people call the victim to testify. So it's slightly greater than the Confrontation Clause, but as I'll get into in a moment, not that much higher. The Confrontation Clause was satisfied here because KP appeared at trial. She took an oath to testify truthfully. She was face-to-face confronting the defendant, and she answered detailed questions about the abuse that she had previously reported and about her statement. Her answers were simply, in substance, I don't remember. But that doesn't mean that she was not available to be cross-examined. In fact, it's usually a topic of cross-examination is to probe the witness's memory. So I actually disagree that this would have been an untenable strategy for defense counsel. It would have been a fruitful area if defense counsel had chosen the strategy to, again, emphasize in cross-examination the witness's lack of memory of the events and of certain things that had happened. So that's one of the components of her statement. And just to be clear as well, she did recall making the statement, and she recalled the interview. So it's not the case that she professed a total memory loss. She remembered that she had been at the Child Advocacy Center answering questions about abuse that she had suffered at the hands of her father for the preceding couple of days. She was also asked, do you remember talking about anything anyone else did to you? And she agreed that she had made some accusations about defendants specifically. She just didn't testify to the substance of what those accusations were. And at that point, she testified that she didn't remember further details. But it's not a fair characterization to say that she just had no recollection and couldn't be cross-examined about the interview, because she was examined about the interview and did acknowledge it. Was she obligated to defend and explain? So the footnote in Crawford, footnote 9, says that the witness has to be present at trial to defend or explain. The emphasis, I think, courts have agreed is on present at trial. So it's that they've taken the stand and are answering questions on cross-examination. There's no requirement that the witness defend or explain, ultimately. They just have to be present there to be asked the questions to defend or explain. And the mere fact that, as here, the witness does not do so doesn't deprive the defendant of the opportunity for cross-examination. So turning to the statutory question, I wanted to address this court's previous decision in People v. Kitch, because the court there did not, I don't think, fairly characterize for court to define testimony for purposes of the statute. But to the extent that case is somewhat ambiguous, I think this is an opportunity for the court to make clear what it means to testify under the statute. And it doesn't mean that the victim takes the stand and testifies to every fact on her direct testimony. It means, instead, that the victim takes the stand and is asked questions about the events. But if her responses are that she doesn't remember, that's testifying just as much as if she testified to the events. So Kitch was the only case in which this court has analyzed the question of the statutory issue. Brandon P. and Rolandis G., the court dealt instead with unavailable witnesses. And just to reiterate, the key distinction in those cases is that the victims were called to the stand and they could essentially say what their names were. But when they were asked any further questions due to trauma, they couldn't respond. They essentially froze. That is not available for either direct or cross-examination. But this case is entirely distinct because the witness did answer the questions, detailed questions. And on cross-examination, I would note she was asked detailed questions about events leading up to her interview, that she responded willingly to every question that defense counsel asked. And that was not the case in either Brandon P. or Rolandis G. So this case, in contrast, she was available for cross-examination and she did testify for purposes of the statute. So your position is this court would not have to overturn those decisions? No. Those cases dealt with the distinct scenario of the witness being unavailable for cross-examination. And Kitch was an entirely distinct case because there the victim did testify in detail about the incident. So that was what the court rested its holding on in Kitch. It rejected defendant's argument and said, well, here, the victim did go through all of the incidents. But Kitch shouldn't be extended to require that that happen in every case. Instead, this court should make clear that where the victim is asked the questions but simply doesn't remember, that is meeting the testimony requirement of 115.10 as well. Should Kitch be read to establish the proposition that the victim has to establish elements of the relevant counts through their direct testimony? No. I think that is over-reading what occurred in Kitch. It was the case in Kitch that that is what happened. And that defendant was arguing that that was nevertheless insufficient, but the court disagreed with that. I do agree that the wording of Kitch is a little bit ambiguous. And there's actually been a lot of litigation in the appellate court about whether the court did mean to import that definition into the statute. And the appellate court has consistently said no because that's inconsistent with how other cases have addressed this. There's one additional appellate court decision, People v. Learn, that I think is important to mention. Because Kitch came soon after Learn, and it was essentially addressing whether the case was similar to People v. Learn. So in Learn, we would say that under Learn the victim was unavailable to testify because she wasn't responsive. But the court instead in that case adopted a different definition of testify that required that the victim both testify and accuse a defendant through her direct testimony. That was wrongly decided pretty much in the 15 years since the appellate court has over and over said that that is not a correct reading of the statute. But we would urge the court to clarify that that's not the way that the statute should be read. And Kitch is understood as an attempt to distinguish Learn on its facts. But Kitch didn't squarely reject the definition that Learn set forth. And the court should do so now and follow the many appellate court cases that have instead defined testify in a more colloquial fashion to just mean give testimony under oath and not accuse. So if the court has no further questions, we would ask that the court affirm the judgment. Thank you very much. Counsel, you're back. Your Honors, opposing counsel said that defense counsel was free to cross-examine her. I'm not sure what he would have asked when she said she didn't remember. He would have to try to refresh her memory and then cross-examine her on that. That is, again, not a viable defense strategy here. And again, she didn't recall the interview until she was shown her face and said, yeah, I was there. But she recalled nothing that she said. She said even though she made some vague comments about remembering that she said accusing somebody of something, she said Sidney was not one of them. So she definitely did not accuse Sidney of anything on the stand. This court in Kitch, under the Confrontation Clause, the requirement that testimony requires something more than saying what your name is should be affirmed. Kitch distinguished learned to not overrule it. And the appellate courts who decided the cases otherwise, in those cases, again, as I addressed in my brief, there was a lot of distinguishing factors in those cases. The witnesses remembered some parts of what happened to them or the statement. We're not saying that they have to say every element even in the offense. In Kitch, those witnesses did not testify to every element of what the defendant was charged. But they acknowledged and presented evidence that something happened. This didn't happen here. If your honors have no further questions, we request a reversal of Mr. Butler's conviction. Thank you.